JUDGE KEENAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WK 4641

07 CV 10435

RITA KINSELLA and MARTIN KINSELLA,

Plaintiffs,

-against-

THE SURF CLUB INC.,

Defendant.

**COMPLAINT**

**PLAINTIFFS DEMAND A TRIAL BY JURY**

RECEIVED NOV 19 2007 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiffs Rita Kinsella and Martin Kinsella, by their attorneys McCarthy & Kelly LLP state and allege the following upon information and belief:

**THE PARTIES**

1. Plaintiff Rita Kinsella was and is an individual, a citizen of the United States and a resident of the State of Rhode Island, residing at 8 Ruth Street, Middletown, RI 02842.

2. Plaintiff Martin Kinsella was and is an individual, a citizen of the United States and a resident of the State of Rhode Island, residing at 8 Ruth Street, Middletown, RI 02842.

3. Defendant The Surf Club Inc. was and still is a New York corporation duly organized and existing under and by virtue of the laws of the State of New York with its principal place of business located at 285 Davenport Avenue, New Rochelle, NY 10805 (hereinafter the "premises").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 and 1441 as the plaintiffs' are citizens of the State of Rhode Island and the defendant is a citizen of the State of New York and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

5. Venue of this action in the Southern District of New York is proper pursuant to 28 U.S.C. Section 1391 because plaintiffs' claims arise in the Southern District of New York and because defendant is subject to personal jurisdiction in the Southern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

6. That at all times hereinafter mentioned defendant owned the premises.

7. That at all times hereinafter mentioned defendant operated a business at the aforementioned premises, to wit, a catering hall open to the public.

8. That at all times hereinafter mentioned defendant managed the premises.

9. That at all times hereinafter mentioned defendant controlled the premises.

10. That at all times hereinafter mentioned defendant constructed the premises.

11. That at all times hereinafter mentioned defendant designed the premises.

12. That at all times hereinafter mentioned defendant repaired the premises.

13. That at all times hereinafter mentioned defendant maintained the premises.

14. On July 5, 2007 at or about 7:05 P.M., plaintiffs were lawfully within the premises.

15. At the aforementioned time and place, plaintiff Rita Kinsella was severely injured at the premises by reason of a dangerous, hazardous and/or defective condition existing at the premises.

16. The aforementioned occurred as a result of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees in the ownership, operation, management, control, construction, design, repair and maintenance of the premises.

17. As a result of the aforementioned, plaintiff Rita Kinsella sustained severe and serious permanent personal injuries; incurred medical expenses and sustained other consequential damages.

18. The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602.

19. That solely by reason of the foregoing, plaintiff Rita Kinsella has been damaged in the sum of One Million Dollars ($1,000,000).

**AS AND FOR A SECOND CAUSE OF ACTION**

20. Plaintiffs repeat, reassert and reallege each and every one of the allegations contained heretofore in paragraphs 1 through 19 herein.

21. At the aforementioned time, plaintiff Martin Kinsella was the lawful wedded husband of plaintiff Rita Kinsella and as such was entitled to her services, society and consortium.

22. As a result of the aforementioned occurrence, plaintiff Martin Kinsella has been deprived of the services, society, affection and consortium of his wife, plaintiff Rita Kinsella.

23. As a result of the foregoing, plaintiff Martin Kinsella has been damaged in the sum of One Million Dollars ($1,000,000).

24. Plaintiffs demand a trial by jury on all issues.

WHEREFORE, plaintiffs Rita Kinsella and Martin Kinsella demand judgment against defendant The Surf Club Inc. in the sum of One Million Dollars ($1,000,000) on the First Cause of Action and One Million Dollars ($1,000,000) on the Second Cause of Action together with the costs and disbursements of this action.

Dated: New York, New York
November 16, 2007

Respectfully submitted,

McCARTHY & KELLY LLP

By ______________________
William P. Kelly
WK 4641
A Member of the Firm
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
Telephone: (212) 732-6000
Facsimile: (212) 732-6323

TO: The Surf Club Inc.
285 Davenport Avenue
New Rochelle, NY 10805