UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
RITA KINSELLA and MARTIN KINSELLA,

                      Plaintiff,

   -against-

THE SURF CLUB INC.,

                      Defendant.
------------------------------------------------------------------ X

Index No.: 07 CV 10435

**ANSWER**

**S I R S:**

    Defendant, Camelot Caterers, Inc. d/b/a The Surf Club Inc. s/h/a THE SURF CLUB INC., by their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP answering plaintiffs' Complaint, alleges upon information and belief as follows:

    1.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "1."

    2.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "2."

    3.    Defendant denies each and every allegation contained in paragraph numbered "3."

    4.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "4" except denies that defendant is a citizen of the State of New York.

    5.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "5."

3106016.1

## AS AND FOR DEFENDANT'S ANSWER TO THE FIRST CAUSE OF ACTION

6. Defendant denies each and every allegation contained in paragraph numbered "6" and admits that on July 5, 2007, 280 Davenport Neck Associates, Ltd. owned the premises.

7. Defendant denies each and every allegation contained in paragraph numbered "7" except admits that on July 5, 2007, Camelot Caterers Inc. d/b/a The Surf Club Inc. operated a business at the aforementioned premises, to wit, a catering hall open to the public.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "8."

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "9."

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "10."

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "11."

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "12."

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "13."

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "14."

15. Defendant denies each and every allegation contained in paragraph numbered "15."

16. Defendant denies each and every allegation contained in paragraph numbered "16."

17. Defendant denies each and every allegation contained in paragraph numbered "17."

18. Defendant denies each and every allegation contained in paragraph numbered "18" and refers all questions of law to be determined by the Court.

19. Defendant denies each and every allegation contained in paragraph numbered "19."

## AS AND FOR DEFENDANT'S ANSWER TO THE SECOND CAUSE OF ACTION

20. Defendant repeats, reiterates and realleges each and ever response as previously set forth to paragraphs numbered "1" through "20" with the same force and effect as if fully set forth at length.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "21."

22. Defendant denies each and every allegation contained in paragraph numbered "22."

23. Defendant denies each and every allegation contained in paragraph numbered "23."

3106016.1

24.     Defendant admits each and every allegation contained in paragraph numbered "24."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25.     Upon information and belief, the alleged defective condition constituted a trivial defect and therefore there can be no cause of action maintained as a matter of law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26.     Upon information and belief, the injuries and damages alleged were caused by the culpable conduct of some third person or person(s) over whom answering defendant neither had nor exercised control.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27.     Upon information and belief that whatever damages the plaintiffs may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the comparable negligence of said plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said negligent conduct, attributable to the plaintiff, bears to the negligent conduct which caused said injuries.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28.     Upon information and belief, that any and all risks, hazards, defects or dangers alleged were open, obvious and apparent, natural and inherent and known, or should have been known to the plaintiffs herein, and the plaintiffs voluntarily assumed all such risks, hazards, defects and dangers.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

29. In the event the plaintiffs recover a verdict or judgment against the answering defendant, then said verdict or judgment must be reduced pursuant to CPLR § 4545 (c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, Social Security, Workers' Compensation or employee benefit programs.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

30. Plaintiffs failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Complaint.

**WHEREFORE**, the defendant, Camelot Caterers, Inc. d/b/a The Surf Club Inc. s/h/a THE SURF CLUB INC. demands judgment dismissing the Complaint together with the costs and disbursements herein.

Dated: New York, New York
       February 21, 2008

Yours, etc.,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: _____
    Gregory S. Katz (GK 6584)
    Attorneys for Defendant, **Camelot Caterers, Inc. d/b/a The Surf Club s/h/a THE SURF CLUB INC.**
    150 East 42nd Street
    New York, New York 10017-5639
    (212) 490-3000
    File No.: 06906.00043

TO:  McCarthy & Kelly LLP
     Attorneys for Plaintiffs
     52 Duane Street
     New York, NY 10007
     (212) 732-6000

3106016.1